IN THE UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF OREGON

| | |
|---|---|
| CHERYL L. RASK,<br><br>  Plaintiff,<br><br>vs.<br><br>MICHAEL J. ASTRUE,<br>Comm'r of Social Security<br><br>  Defendant | Civil No. 3:07-CV-1517-AC<br><br><br>ORDER FOR REMAND |

Upon review of the file herein, and noting the stipulation of the parties, it is hereby ORDERED that the above-captioned case is REVERSED and REMANDED to the Commissioner of Social Security for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

On remand, an Administrative Law Judge (ALJ) will be directed to hold a de novo hearing after first developing the record further by obtaining all treating notes that may be available from Larry Hanberg, D.C., Plaintiff's treating chiropractor. The ALJ should contact Dr. Hanberg and request copies of such records that may verify the treatment Plaintiff received in April 2003. The ALJ will be directed to give further consideration to the treating and examining source opinions and diagnoses, including the evidence provided by Danielle Erb, M.D., Carlos Ceballos, M.D., Evelyn Curioso, M.D., Dr. Hanberg and Bruce Wojciechowski,

O.D., pursuant to the provisions of Social Security regulations and rulings. 20 C.F.R. § 404.1527; Social Security Ruling (SSR) 96-2p; SSR 96-5p. The ALJ will also be directed to give further consideration to nonexamining source opinions. 20 C.F.R. § 404.1527(f); SSR 96-6p.

The hearing decision should provide rationale that explains the weight given to such opinion evidence and clearly articulates the reasons for such weight that correlates to the evidence of record. As appropriate, the ALJ may request the treating and examining sources to provide additional evidence and/or further clarification of the opinions and medical source statements about what Plaintiff can still do despite the impairments. 20 C.F.R. § 404.1512. The ALJ will be directed to obtain evidence from a medical expert to clarify the nature and severity of Plaintiff's neurological impairment. 20 C.F.R. § 404.1527(f); SSR 96-6p. The medical expert should offer an opinion which clarifies the record in regard to an appropriate diagnosis and the severity of Plaintiff's neurological impairment.

The ALJ will be directed to further evaluate Plaintiff's subjective complaints and provide rationale in accordance with the disability regulations pertaining to evaluation of symptoms. 20 C.F.R. § 404.1529; SSR 96-7p. The ALJ will be directed to obtain supplemental evidence from a vocational expert to clarify the effect of the assessed limitations on Plaintiff's occupational base. SSRs 83-12 and 83-14. The hypothetical questions posed to the vocational expert should reflect the specific capacity/limitations established by the record as a whole. The ALJ will ask the vocational expert to identify examples of appropriate jobs and to state the incidence of such jobs in the national economy. Further, before relying on the vocational expert evidence the ALJ will identify and resolve any conflicts between the occupational evidence

provided by the vocational expert and information in the Dictionary of Occupational Titles (DOT) and its companion publication, the Selected Characteristics of Occupations. SSR 00-4p.

The case record contains information that does not pertain to Plaintiff (for example, Exhibit 13E, pp. 3-4, and 9, Tr. 179-80, 185). Upon remand, any information that does not pertain to Plaintiff should be expunged from the record. The ALJ will take any further action necessary to render a new decision in this matter. .

Reasonable attorney fees shall be awarded, upon proper application, pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412.

DATED this 26th day of November 2008.

_____
UNITED STATES MAGISTRATE JUDGE

Presented by:

s/ Terrye E. Shea
_____
TERRYE E. SHEA
Special Assistant United States Attorney
(206) 615-2143
of Attorneys for Defendant